IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TOSHIA CROSS o/b/o T.C.**                                                                **PLAINTIFF**

**V.**                                                              **CASE NO.: 3:16-cv-899-HTW-JCG**

**NANCY A. BERRYHILL,**                                                         **DEFENDANT**
*Acting Commissioner of Social Security*

## REPORT AND RECOMMENDATION

Plaintiff Toshia Cross, on behalf of her minor child T.C. ("the child"), seeks judicial review of the final decision of the Commissioner of the Social Security Administration, finding the child not disabled and therefore not entitled to Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff has filed a Motion for Summary Judgment (ECF No. 12), urging the Court to reverse the Commissioner, or alternatively to remand. In response, Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, has filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 16). Plaintiff filed a Rebuttal. (ECF No. 18).

Plaintiff submits that the only issue on appeal is whether the administrative law judge (ALJ) "fully and accurately evaluate[d] the evidence in light of Listing 103.03(c)(2) and the child's presumptive disability thereunder." (ECF No. 18, at 2). Having considered the submissions of the parties, the record, and relevant law, the undersigned Magistrate Judge submits this Report and Recommendation to the District Judge and recommends that Plaintiff's Motion for Summary Judgment (ECF No. 12) be DENIED and Defendant's Motion for an Order Affirming the

Decision of the Commissioner (ECF No. 16) be GRANTED. The ALJ applied the correct legal standards, and his conclusion that the child's impairment of asthma did not meet the severity of a listed impairment in 20 C.F.R. Part 404, Subpt. P, App. 1, is supported by substantial evidence.

## I. Background

On September 6, 2013, Plaintiff filed an application for SSI on behalf of her ten-year old child, alleging that the child became disabled on April 13, 2003, due to asthma, congestion, allergies, and a speech impairment. (ECF No. 11, at 142). The application was denied initially and upon reconsideration, prompting Plaintiff to request a hearing before an ALJ. After a hearing, ALJ Lanier Williams rendered an unfavorable decision, finding that Plaintiff had not established that the child was disabled within the meaning of the Social Security Act. ALJ Williams concluded that the child did not meet Listing 103.03, which addresses presumptive disability due to asthma for individuals under the age of eighteen. *See* 20 C.F.F. Pt. 404, Subpt. P, App. 1 § 103.03. The Appeals Council denied Plaintiff's request for review, rendering ALJ Williams' decision the final decision of the Commissioner. Plaintiff commenced this action, alleging that the ALJ did not fully and accurately evaluate the evidence when addressing Listing 103.03.

Plaintiff maintains that the ALJ erred because he did not consider medical evidence prior to the application date of September 6, 2013, which showed complaints and observations of wheezing, and failed to give credibility to Plaintiff, who testified that the child wheezed between asthma attacks. (ECF No. 13, at 12).

Plaintiff asserts that the ALJ also erred because he failed to understand that rhonchi is a form of wheezing. *Id.* at 6.

## II. Discussion

A. <u>Standard of Review</u>

Judicial review of the Commissioner's decision that a claimant is not disabled is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the correct legal standards. *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005). "If the Commissioner's findings are supported by substantial evidence, they are conclusive." *Id.* (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971)). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Id.* A finding of no substantial evidence is appropriate only if there is "a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the factfinder. *Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th Cir. 1987).

B. <u>Supplemental Security Income</u>

SSI is a benefit program for indigent disabled individuals who have not paid into the Social Security system, and also for disabled individuals who are receiving Social Security Disability Benefits, but whose monthly benefit amounts are below a

certain amount. *See* 42 U.S.C. §§ 1381-1383f. In order for an individual under the age of eighteen to be found disabled and entitled to SSI benefits, he or she must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The ALJ engages in a three-step sequential process to determine whether a claimant under the age of eighteen is entitled to SSI. 20 C.F.R. § 416.924. At all stages, the burden rests upon the claimant to prove disability. First, the Commissioner must determine whether the child is engaging in substantial activity; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, the Commissioner proceeds to the second step to determine whether the child has a severe medically determinable impairment or combination of impairments. 20 C.F.R. § 416.924(c). If so, the Commissioner proceeds to the third and final step, where the Commissioner determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment listed in in 20 C.F.R. Part 404, Subpt. P, App. 1, generally referred to as "the listings." *See* 20 C.F.R. §§ 416.924(d) and 416.925. In making this determination, the undersigned must consider the combined effect of all medically determinable impairments, even those that are not severe. *See* 20 C.F.R. §§ 416.923 and 416.924a. If a child's impairment does not meet, medically equal, or

functionally equal a listing, the child will not be considered disabled. 20 C.F.R. § 416.924(d).

C. <u>Listing 103.03</u>

If a child suffers from an impairment in the listings and the medical findings in the child's record are the same as, or worse than, those required under a relevant listing, the child is disabled. 20 C.F.R. § 416.924. Each listed impairment "is defined in terms of several specific medical signs, symptoms, or laboratory test results." *Sullivan v. Zebley,* 493 U.S. 521, 529-30 (1990). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* (emphasis in original) (citing Social Security Ruling (SSR) 83-19).[1] The specified medical criteria are designed to be demanding and stringent because they lead to a presumption of disability. *Id.* at 532; *Falco v. Shalala,* 27 F.3d 160, 162 (5th Cir. 1994).

Prior to changes in the listings for childhood respiratory disorders in 2016, Listing 103.03 provided the severity criteria for childhood asthma. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03. For childhood asthma to be presumptively disabling, Listing 103.03 mandated that asthma be accompanied by one of the requirements enumerated in subsections (A)-(D) of the listing. In this case, the ALJ specifically considered Listing 103.03(C)(2), which required medical evidence of:

---

[1] Social Security rulings are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." 20 C.F.R. § 422.408.

5

> (C) Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with
> . . .
> (2) Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(C)(2).

The ALJ concluded that the child did not meet this criteria, stating that

> although the claimant's mother testified that the claimant has continued to wheeze between asthma flares, the documented medical evidence references only one flare-up since the application date and references to wheezing on only three occasions in Exhibit 7F – December 12, 2013, January 6, 2014, and March 12, 2014. Therefore, the documented evidence is not fully supportive of listing level continuous low-grade over a 120month [sic] period. Nor does the evidence necessarily show the required absence of extended symptom-free periods. As previously mentioned, the documentation indicated the claimant has been active with no exertional symptoms and there are only a few records mentioning some wheezing. Finally, the medical evidence does not show that the claimant's condition required daytime and nocturnal use of . . . bronchodilators.
> . . .
>
> For the reasons given, while the claimant may have taken corticosteroids frequently enough to satisfy that part of the Listing, the other parts of the listing (i.e., frequency of low-grade wheezing, absence of extended symptom-free periods, and required use of daytime and nocturnal bronchodilators) have not been met.

(ECF No. 11, at 18).

    1.    **Evidence prior to the application date**

Under Title XVI, a claimant cannot receive payment for SSI for any time prior to the application date, regardless of the length of disability. 20 C.F.R. §

6

416.335. Plaintiff alleges that the ALJ failed to recognize medical evidence of wheezing occurring prior to the child's application date, leading the ALJ to erroneously conclude that the child did not meet Listing 103.03. (ECF No. 18, at 2-3). Plaintiff maintains that pre-application treatment records

> demonstrate the existence and persistence of the child's asthma and symptoms across time. In a case where the argument centers around the "persistence" of a symptom such as wheezing, their relevance is clear. Plaintiff agrees that the condition must persist into and through the period of application, but disagrees with Defendant's position that evidence of wheezing prior the application date is irrelevant.

(ECF No. 18, at 3).

Defendant responds urging that the relevant time period for SSI claims is the application date through the date of the ALJ's decision. Defendant submits that after the application date, there were only two notations of wheezing, and wheezing "was not present for the requisite twelve-month duration, nor was it persistent." (ECF No. 17, at 5-6).

Here, the ALJ considered pre-application medical evidence. The ALJ stated that "[a]lthough supplemental security income is not payable prior to the month following the month in which the application was filed (20 C.F.R. 416.335), the undersigned has considered the complete medical history consistent with 20 C.F.R. 416.912(d)." (ECF No. 11, at 14). Section 416.912 requires the Commissioner to develop the claimant's "complete medical history for at least the 12 months preceding the month in which [the claimant] file[s] [his or her application] unless there is a reason to believe that development of an earlier period is necessary . . . ."

7

20 C.F.R. § 416.912(b)(1). The ALJ specifically summarized treatment records from December 17, 2012; January 3, 2013; February 23, 2013; March 18, 2013; April 9, 2013; May 20, 2013; and July 29, 2013.

The ALJ understood however, that while the pre-application evidence was relevant to developing a medical history, the "critical date," as stated by the ALJ at the hearing, was the date the application was filed. (ECF No. 11, at 64). Plaintiff's burden was to prove that the child met Listing 103.03 from the application date of September 6, 2013, through June 10, 2015, the date of the ALJ's decision. *See* 20 C.F.R. §§ 404.131 and 404.315(a). The ALJ determined that three occasions of wheezing during this time period did not establish "persistent low-grade wheezing." (ECF No. 11, at 18). The parties acknowledge that actually only two observations of wheezing are noted in the medical records from September 6, 2013, through June 10, 2015. Dr. Soriano observed wheezing on December 12, 2013, and January 6, 2014. *Id.* at 292-93. While the ALJ's decision provides that Dr. Soriano observed wheezing on March 12, 2014, the parties agree that there is no notation regarding wheezing in Dr. Soriano's examination notes for that date. (ECF No. 17, at 5; ECF No. 18, at 5).

Plaintiff cites no case law or other legal authority supporting her position that evidence of wheezing prior to the application date is "directly relevant to the child's qualification" under Listing 103.03. (ECF No. 13, at 12). The cases found by the Court support a different conclusion. Some district courts within the Fifth Circuit have found that pre-application evidence in an SSI case is totally irrelevant,

8

and one found that pre-application evidence is "generally irrelevant in a Title XVI claim." *Chiles v. Colvin,* No. 3:12-cv-3516, 2014 WL 630888, *9 (N.D. Tex. Feb. 18, 2014); *see Jones v. Colvin,* No. H-14-1249, 2016 WL 861334, *11 (S.D. Tex. Jan. 28, 2016) (holding ALJ properly disregarded pre-application evidence); *Johns v. Colvin,* No. 3:13-cv-4420-N-BH, 2015 WL 1428535, *12 (N.D. Tex. Mar. 30, 2015) (same); *Slaughter v. Astrue,* 857 F. Supp. 2d 631, 635 n. 42 (S.D. Tex 2012) (same); *Plaisance v. Astrue,* Civ. A. 07-8242, 2008 WL 4808852, *1 (E.D. La. Oct. 31, 2008) (finding relevant period was date of application to date of ALJ's decision).

Here, the ALJ properly focused his inquiry on the period between the application date and the ALJ's decision. It was incumbent on Plaintiff to produce evidence of disability during this period.

### 2. Evidence from the application date through the date of the ALJ's decision

The ALJ referenced the following evidence, which supports his conclusion that the child's asthma did not meet the severity of a listed impairment during the period from September 6, 2013, through June 10, 2015. Dr. Siddiqui observed "No rales, No rhonchi, No wheezing" on September 3, 2013, the month of Plaintiff's application. (ECF No. 11, at 229). He observed "Rales, Rhonchi, No wheezing" on September 10, 2013. *Id.* at 226. On February 18, 2013, the child was doing better, with no emergency room visits, hospitalizations, or systemic steroids since her last visit. *Id.* at 248. On August 19, 2013, the child was reported to have been doing fairly well with no emergency room visits, no systemic steroids, and infrequent albuterol use since the last visit. A respiratory examination was normal. *Id.* at 243-

9

45. On October 23, 2013, it was reported that the child had been doing well since her last visit and had not needed any systemic steroids. Since her last visit, albuterol was used only once. A respiratory examination was normal. *Id.* at 239-41.

Dr. Soriano noted wheezing on December 12, 2013, and the child complained of wheezing again to Dr. Soriano on January 6, 2014. *Id.* at 292-93. Dr. Murray observed "breathing unlabored" and "breath sounds clear bilaterally" on February 4, 2014. *Id.* at 286. Dr. Murray noted the child's asthma was "in good control with no obstruction" on February 24, 2014. *Id.* at 275. Dr. Murray observed "no albuterol use lately," asthma "in good control overall," "breathing unlabored," and "breath sounds clear bilaterally" on August 4, 2014. *Id.* at 280-81. On November 26, 2014, "frequent inhaler use recently" was reported. *Id.* at 290. On February 4, 2015, it was reported that the child had increased albuterol use to two to three times a week recently but had no emergency room visits, no systemic steroids, and no hospitalizations. The child's respiratory examination showed "breathing unlabored" and "breath sounds clear bilaterally." *Id.* at 284-87.

Plaintiff maintains that the ALJ erred by not crediting Plaintiff's testimony that the child suffered wheezing between asthma attacks. (ECF No. 11, at 20, 69). Plaintiff's statements, however, are not objective clinical findings. Plaintiff "must provide medical findings that support each of the criteria" for a listing. *Selders v. Sullivan,* 914 F.2d 614, 619 (5th Cir. 1990) (citing *Zebley,* 493 U.S. at 530 and 20 C.F.R. § 404.1526(a)). Here, the ALJ considered Plaintiff's statements but found them not fully corroborated by the objective medical evidence. The ALJ's credibility

10

determination is a factual determination that is entitled to considerable deference. *Greenspan v. Shalala,* 38 F.3d 232 (5th Cir. 1994).

The evidence cited by the ALJ clearly constitutes substantial evidence in support of the decision. It is not this Court's function to retry factual issues or reweigh the evidence. The Court may not substitute its judgment for that of the Commissioner, even if the evidence could allow for a different finding. *Ripley,* 67 F.3d at 555; *Anthony v. Sullivan,* 954 F.2d 289, 295 (5th Cir. 1992).

    3.    **Wheezing versus rhonchi**

Plaintiff argues that the medical observations by Dr. Siddiqui of rhonchi on September 10, 2013, and on April 9, 2013, are evidence of wheezing, and that the ALJ failed to understand that rhonchi is a form of wheezing. (ECF No. 18, at 3, 5-6). Defendant maintains that rhonchi is distinct from wheezing. (ECF No. 17, at 5 n.2). Both parties have cited to medical references in their briefs but have not provided them to the Court nor were they before the ALJ.

It appears clear to the undersigned that Dr. Siddiqui referred to the terms rhonchi and wheezing as distinct. Dr. Siddiqui observed "No rales, No rhonchi, No wheezing" on September 3, 2013. (ECF No. 11, at 229). Dr. Siddiqui observed "Rales, Rhonchi, No wheezing" on September 10, 2013. *Id.* at 226. He observed "Rales, Rhonchi, No wheezing" on April 9, 2013. *Id.* at 234. But, the parties have offered no authority supporting the proposition that this Court has the authority to review medical references and make a judgment regarding what medical terms mean. Furthermore, the parties have not explained how it is possible for the Court

11

to determine how the ALJ viewed those terms. There is no indication in the record that this issue was ever raised before the ALJ. Plaintiff asked for a medical expert with respect to a separate issue, corticosteroids. *Id.* at 199-200. The medical references cited by the parties are not in the administrative record, they were not before the ALJ, and Plaintiff has demonstrated no basis for reversal or remand.

## IV. Recommendation

It is recommended that Plaintiff's Motion for Summary Judgment (ECF No. 12) be DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 16) be GRANTED.

## V. Notice of Right to Object

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal

conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir.1996).

SIGNED, this the 30th day of January, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE